

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2002

# Pro Line Filter Sys v. JC Carter Co Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3557

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Pro Line Filter Sys v. JC Carter Co Inc" (2002). *2002 Decisions.* Paper 291.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/291

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3557


PRO LINE FILTER SYSTEMS, INC.,
a New Jersey Corporation,


Appellant


v.


J.C. CARTER COMPANY, INC.,
a California Corporation;
JOHN DOE, a fictitious name;
RICHARD ROE, a fictitious name


On Appeal from the Untied States District Court
for the District of New Jersey
(D.C. Civil No. 99-cv-04205)
District Judge: Hon. William H. Walls


Submitted Under Third Circuit LAR 34.1(a)
May 10, 2002

Before: ALITO, COWEN and LOURIE*, Circuit Judges

(Filed May 23, 2002 )


OPINION


*Honorable Alan D. Lourie, U.S. Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation. COWEN, Circuit Judge

This appeal is from an order dismissing the complaint due to failure to meet court-imposed deadlines and other discovery orders, and an order denying reconsideration of that dismissal. We will affirm.

I.

Pro Line Filter Systems, Inc. ("Pro Line") filed suit in the New Jersey Superior Court against J.C. Carter Company, Inc. ("Carter"), a producer of specialized aircraft refueling equipment. The complaint alleged wrongful termination of Pro Line's distributorship. It sought a declaration that Pro Line was a franchisee under the New Jersey Franchise Practices Act, that Carter breached its duty of good faith and fair dealing, and tortiously interfered with Pro Line's contractual relationship and prospective economic advantage. Carter filed an answer denying the material allegations of the complaint and removing the case to the United States District Court for the District of New Jersey.

The Magistrate Judge entered a scheduling order on September 21, 1999, which required the parties to exchange information and documents, pursuant to Federal Rule of Civil Procedure 26. On November 12, 1999, Carter provided its Rule 26 disclosures, and requested that Pro Line do the same. Pro Line produced nothing. Carter renewed its requests on two more occasions.

The Magistrate Judge held a discovery conference on February 3, 2000 to discuss

Pro Line's failure to produce any Rule 26 disclosures.  Pro Line agreed to have its disclosures to Carter by the end of February.  Despite repeated requests by Carter, Pro Line failed to provide any of its Rule 26 disclosures until April 28, 2000.  Its disclosures were woefully incomplete.  While Pro Line provided a list of persons likely to have discoverable information, it did not identify any of the subjects about which those individuals had information, nor did it provide a computation of damages.

On May 2, 2000, Carter requested that Pro Line provide complete Rule 26 disclosures.  Pro Line did not request any extension of time in which to comply.  Carter wrote to the Magistrate Judge to advise her of Pro Line's incomplete Rule 26 responses, and of  Pro Line's failure to provide requested documents or to serve an expert report by the May 15th deadline (all as required by the pretrial scheduling order).  By Order of June 8, 2000, the Magistrate Judge directed Pro Line to provide answers to all of the outstanding Rule 26 disclosures by no later than June 15, 2000, and to provide answers to Carter's interrogatories (filed by Carter on April 21, 2000) no later than June 30, 2000.  Both dates passed without the ordered disclosures.

At a discovery conference on August 1, 2000, scheduled by the Magistrate Judge to address Pro Line's repeated failure to comply with court orders, Pro Line served its long overdue interrogatory answers.  Carter noted that Pro Line failed to answer interrogatories 7-10, concerning whether Pro Line was or was not a franchisee.  Pro Line responded to these interrogatories by directing Carter to the thousands of invoices which Pro Line produced.

The Magistrate Judge held another conference on November 14, 2000, and imposed a deadline of December 1, 2000, by which Pro Line had to provide its completed Rule 26 disclosures, answer any outstanding interrogatories, and schedule its deposition.  Again, Pro Line failed to comply with this order.  On December 11, 2000, the District Court advised Carter that it could proceed with a motion to dismiss the complaint.  On that same day, Pro Line forwarded its Rule 26 disclosures, and a partial answer to Interrogatory No. 8 (but not to Numbers 7, 9, and 10).  Despite Pro Line's assertions to the District Court that it had now fully complied with all of the Court's orders, the District Court found Pro Line's disclosures and interrogatory answers incomplete.  It gave Pro Line until December 22, 2000, by which it must fully comply.  Again, Pro Line failed to comply.  Carter filed a Motion to Dismiss the complaint, which was unopposed by Pro Line and granted by the District Court on June 28, 2001.  The District Court also denied Pro Line's Motion for Reconsideration on August 15, 2001.  Pro Line appeals both the District Court's grant of the Motion to Dismiss and denial of the Motion for Reconsideration.

                              II.

Our review of a District Court's Motion for Reconsideration is for abuse of discretion.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Id.  Pro Line presented no newly discovered evidence, and presented no facts or controlling law that presented new arguments that were overlooked by the District Court in its granting of Carter's Motion to Dismiss.  Finding no abuse of discretion, we turn to the underlying Motion to Dismiss.

We review a District Court's dismissal for abuse of discretion.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  There are six factors a District Court must balance "in order to assure that the 'extreme' sanction of dismissal," id. at 870, is justified:

> (1) the extent of the party's personal responsibility; (2) the prejudice t
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party
> or the attorney was willful or in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis in original).

The District Court conducted a detailed analysis on the record in weighing these six considerations.  Pro Line failed to comply with court-imposed deadlines and provide adequate Rule 26 disclosures and interrogatory answers.  This repeated improper conduct, occurring again and again, and for the reasons detailed on the record by the

District Court, justifies the decision to dismiss the complaint.  The District Court did not abuse its discretion in ordering the complaint dismissed.

                                III.

     For all of the foregoing reasons, the orders of the District Court entered on June 28, 2001 and August 15, 2001, will be affirmed.


                              /s/ Robert E. Cowen
                              United States Circuit Judge